```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

ARTHUR JAMES ROGERS,        )
                            )
        Petitioner          )
                            )
             v.             )      No. 3:07-CV-570
                            )
EDWARD BUSS,                )
                            )
        Respondent.         )


## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the Court to review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** the claims presented in grounds one and four of the petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2244(b). The petitioner may proceed on the claims presented in grounds two and three of his petition.

BACKGROUND

Petitioner Arthur Rogers, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a loss of earned credit time in a disciplinary hearing conducted at the Miami Correctional Facility in Case # MCF 03-02-0579.

On February 25, 2003, Correctional Officer Buckley wrote a conduct report against the petitioner for disorderly conduct. At the hearing, on March 5, 2003, the Disciplinary Hearing Board ("DHB") changed the charge to being Loud and Disruptive, and found him guilty of that charge. He appealed unsuccessfully to the Superintendent and the final reviewing authority.

DISCUSSION

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison

disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Rogers alleges that he was denied the right to a fair hearing before impartial decision makers. He asserts that the DHB was not "impartial" because it changed the charge against him but did not give him twenty-four hours notice of the new charge.

Due process requires that decision-makers in prison disciplinary proceedings be impartial and have no direct personal involvement in the incident that forms the subject of the hearing. *Wolff v. McDonnell*, 418 U.S. at 592; *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). *Wolff* does not guarantee that a prisoner will have skilled and knowledgeable hearing officers who will not make mistakes; what *Wolff* does guarantee is that the author of the conduct report or someone involved in investigating the incident does not serve on the hearing board. *Redding v. Fairman*, 717 F.2d at 1113. ("Officials who have a direct personal or otherwise substantial involvement" in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary board).

There are circumstances where a DHB can change the charge at the hearing without restarting the process. *Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992) (Board may change the charge if it is based on the same facts as the charge the petitioner was

3

notified of). If the board improperly changed the charge against Rogers, he may be entitled to relief on that basis, not because the board was not impartial. Nothing in Rogers' statement of facts supports an allegation that the members of his DHB were not impartial within the meaning of *Wolff v. McDonnell*.

In ground four of his petition, Rogers asserts that he was denied an adequate lay advocate. He specifically states that his lay advocate "did not assist me in pushing forth (sic) my witness statement[s] of my bunkie and neighbor." (Petition at p. 5).

The petitioner asserts that he was denied effective assistance of a lay advocate. But ineffective assistance of a lay advocate at a prison disciplinary hearing does not state a claim upon which relief can be granted. Indeed, under normal circumstances, a prisoner is not entitled to the assistance of a lay advocate at all. *Wolff v. McDonnell*, which establishes the contours of a state prisoner's Constitutional due process rights when facing the loss of good time credits, held that inmates facing the loss of good time credits are entitled to a lay advocate only if they are illiterate or face some other severe detriment. *Wolff v. McDonnell* 418 U.S. at 571. This petitioner does not assert facts that would support a finding that he is illiterate or that he faced a severe detriment in representing himself.

In ground two of his petition, Rogers asserts that because the DHB changed the charge against him at the hearing, he did not receive twenty-four hour notice of the charge, and in ground three

4

he asserts that the DHB denied him the opportunity to present written exculpatory statements from his bunkmate and another inmate. Giving Rogers the inferences he is entitled to at this stage of the proceedings, these grounds state a claim upon which relief may be granted.

CONCLUSION

For the foregoing reasons, the court:

(1) GRANTS the petitioner leave to proceed on grounds two and three of his petition for writ of habeas corpus, that he did not receive twenty-four hour notice of the charge and that the DHB denied him the opportunity to present witness statements;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, DISMISSES the claims presented in grounds one and four, of the petition; and

(3) DIRECTS the clerk's office to ensure that a copy of this order is served on the respondent and the Indiana Attorney General along with the order to show cause.

**DATED: March April 1, 2008    /S/RUDY LOZANO, Judge
                                United States District Court**

5